2005 OCT 21 AM 9:51
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODNEY GREEN, | ) | CASE NO. 4:05 CV 1975 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION AND ORDER |
| THOMAS R. SNIEZEK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Rodney Green filed the above captioned Bivens[1] action on August 11, 2005 naming as defendants Elkton Federal Correctional Institution ("FCI-Elkton") Warden Thomas R. Sniezek, FCI-Elkton Captain W. Odum, Segregation Unit Lieutenant B. Taggart, and Senior Corrections Officer Jonathan Traylor. In the complaint, plaintiff alleges he has been held in segregation for an indefinite period of time, in violation of his Eighth and Fourteenth Amendment rights. He seeks compensatory and punitive damages.

***Background***

Mr. Green contends he was sent to the segregation unit on October 2, 2004. He states he was leaving the library and heading toward his dorm at approximately 1:40 p.m. As he

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

approached the entrance to the building, he was stopped by Officer Traylor who asked for permission to search Mr. Green's legal materials for contraband. Mr. Green alleges he complied with the request. He claims Officer Traylor instructed him to go in the building and stand in front of the inside of the unit by the officers station. He states that when he attempted to follow the instruction, the officer told him to "give me eight feet." (Compl. at 5.) Mr. Green interpreted this to mean that the officer wanted him to wait outside the office and attempted to leave the room. Officer Traylor then ordered him to get back in the office. He then instructed Mr. Green to sit in a chair on the opposite side of his desk. A verbal argument ensued which Mr. Green alleges culminated in Officer Traylor using profanity. Mr. Green states he announced to the officer that he wanted to see a lieutenant because the officer was out of control and stated that he was going to wait outside the office until a lieutenant arrived. As he attempted to leave the room, a physical altercation erupted.

Mr. Green contends that Officer Traylor attacked him. He states the officer hit him in the wind pipe and began to choke him. He claims he picked the officer up off the ground and slammed him into the desk. Officer Traylor allegedly charged Mr. Green for a second and Mr. Green acknowledges that he picked him up and threw him on the desk for a second time. He indicates Officer Traylor then attempted to choke him again. He does not indicate how the fight was broken up, but states he was taken to the Disciplinary Segregation Unit and held on charges of assaulting a staff member.

Since the day of the altercation, Mr. Green has been held in segregation. He claims the "SIS" conducted an investigation on October 22, 2004 and determined that the inmate witnesses confirmed Mr. Green's version of the events. Nevertheless, the Unit Disciplinary Committee

referred the incident report to the Disciplinary Hearing Officer for a final determination on the merits of the charges. He claims Warden Sniezek delayed the hearing which Mr. Green believes would have exonerated him and therefore denied him due process. He further asserts that his prolonged stay in segregation has caused him to endure "mental turmoil and ...anguish" in violation of the Eighth Amendment.

***Analysis***

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure

for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

If the inmate reasonably believes the issue he is grieving is sensitive and would place the inmate in danger if his grievance were made known at the institution, the inmate may file a grievance directly with the Regional Director on a BP-10 form. If the Regional Director agrees that the Request is sensitive, the Request shall be accepted. If the Regional Director does not agree with the inmate's assessment of the nature of the grievance, the inmate will be informed of the determination and given the opportunity to pursue the grievance through local channels with a BP-9 form. 28 C.F.R. § 542.14(D)(1).

There is no indication that Mr. Green exhausted his administrative remedies for each of his claims against each of the defendants. He attaches a copy of a "sensitive BP-10" form filed with the Regional Director on March 1, 2005.[2] In the grievance, he alleged that he had been

---

[2] Mr. Green indicates on the grievance form that he intended to file a "sensitive BP-9." (Compl. Ex. B.) BP-9 forms are filed at the institution with the designated prison official, usually
(continued...)

attacked by Corrections Officer Traylor and had been unfairly charged with a disciplinary offense. The sensitive BP-10 was rejected because the Regional Director did not consider the issue to be too sensitive to be grieved at the institution level. Mr. Green filed a BP-8.5 on April 1, 2005. He submitted a BP-9 to the warden on April 12, 2005. Warden Sniezek responded to the grievance on May 27, 2005. Mr. Green appealed that decision to the Regional Director on June 6, 2005 and received a denial of his grievance on July 5, 2005. He includes a copy of a BP-11 form dated July 20, 2005. There is no indication that he received a response to this grievance. He filed the within civil action on August 8, 2005.

Section 1997(e) requires prisoners to exhaust their administrative remedies *prior* to filing suit. They may not exhaust these remedies during the pendency of the action, see Freeman v. Francis, 196 F.3d 641,643 (6th Cir. 1999), nor can they abandon the process before completion and claim that they exhausted their remedies. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). The documents submitted by the plaintiff suggest that Mr. Green did not wait for the General Counsel's response to his grievance prior to bringing this civil action. Consequently, he has not satisfied his burden to demonstrate exhaustion of administrative remedies.

Moreover, even if Mr. Green had received a response from the General Counsel prior to filing this action in federal court, the complaint would be dismissed pursuant to 42 U.S.C. §1997e. Prisoners must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). The United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement

---

[2](...continued)
the warden. 28 C.F.R. § 542.14. The court presumes he meant to file a sensitive BP-10 form.

for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. None of Mr. Green's grievances contain allegations pertaining to Captain Odum or Lieutenant Taggart. The court is required therefore, by the rule of total exhaustion, to dismiss the complaint in its entirety without prejudice.

***Conclusion***

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Donald C. Nugent 10/21/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: ____________

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.